UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-228-FDW

| BRICE C. MOORE, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| JOHN DOE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on its own motion following receipt of Plaintiff's Administrative Remedy Statement. (Doc. No. 5).

**I.    BACKGROUND**

Pro se Plaintiff Brice C. Moore, a North Carolina prisoner incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on December 27, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following persons as Defendants: (1) "John Doe," identified as the "Superintendent, Assistant Superintendent, Case Manager, and Unit Manager for Red Unit" at Alexander; (2) Juston Poach, identified as a Sergeant at Alexander; and (3) FNU Quinn, identified as a Sergeant at Alexander. Plaintiff alleges that Defendants are violating various federal constitutional rights in denying his request for protective custody, including his Eighth, First, and Fourteenth Amendment rights. Specifically, alleges that his "life has been threaten[ed] by gang members with a hit put out on the Plaintiff life. This Hit has been issued by Blood members to wherever the Plaintiff is housed on state, to see to the hit is carried out. Institution denies protective custody." (Doc. No. 1 at 2). Plaintiff purports to raise

1

the following claims: "Eighth Amendment, First Amendment, Deliberate Indifference, Due Process Clause." (Id. at 3). As for his injuries, Plaintiff states:

> No injury has occurred as of yet, because Plaintiff refuses to return to population to let it take place. But if Plaintiff is forced to return back to population because of the officers' threats, then Plaintiff faces imminent danger from both directions. Officers will seize inmate property, destroy inmate law materials, take law books, whatever it takes to discourage the Plaintiff. Even ship the inmate to another facility and have them to apply the same harassment. I ask the court to have the institution to receive the camera footage here at Alexander ASAP from Dec. 8 back to Nov 18 of 2016 for evidence. It can be saved.

(Id. at 3). Plaintiff states that, as relief, he seeks a preliminary injunction or temporary restraining order from the Court requiring the prison to grant his request for protective custody, as well as an order from the Court "forc[ing] the institution to obey the constitutional law without retaliations against the Plaintiff for filing complaints." (Id. at 5). Plaintiff has also filed, separately, a motion for preliminary injunction and temporary restraining order, and that motion is pending. (Doc. No. 6). On January 13, 2017, Plaintiff filed his administrative remedy statement, in which he appears to contend that he attempted to file a grievance based on the prison's refusal to grant his request for protective custody, but the prison will not process his grievance. See (Doc. No. 5).

## II.   STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in

cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Plaintiff asserts, in his administrative remedy statement, that he has attempted to exhaust

his administrative remedies as to his claim, but that officials refuse to address his grievance. Therefore, it appears that Plaintiff is contending that the grievance process has been made unavailable to him, and he should therefore be excused from having to exhaust his administrative remedies as to his claim that the prison is violating his constitutional rights by denying his request to be placed in protective custody. Before going forward with this Court's initial screening, the Court will order officials to submit a statement regarding any grievances filed by Plaintiff based on the prison's denial of his request to be placed in protective custody, and a statement responding to Plaintiff's allegation that the prison refuses to address Plaintiff's grievance.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of this Court shall mail to Alexander Correctional Institution the documents filed in this action in Docket Nos. 1 and 5, as well as this Order.

(2) It is further ordered that Alexander Correctional Institution prison officials shall mail to the Court, within twenty (20) days of entry of this Order, a statement as to whether Plaintiff has submitted to the prison any grievances based on the prison's refusal to grant Plaintiff's requests to be placed in protective custody, or explaining why any such grievances have not been addressed.

Signed: January 27, 2017

Frank D. Whitney
Chief United States District Judge